IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISHANT N.,<br><br>Petitioner,<br><br>vs.<br><br>TONYA ANDREWS, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-04989-MWJS<br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>A# 241-074-073 |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Nishant N.[1] is an immigration detainee proceeding with a second petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 1.

Immigration officers commenced removal proceedings against Petitioner under 8 U.S.C. § 1229a in July 2024, by charging him with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and 8 U.S.C. § 1182(a)(6)(A)(i). *Nishant N. v. Warden Golden State Annex*, No. 1:26-cv-03796-MWJS, 2026 WL 1541826, at *1 (E.D. Cal. June 1, 2026). On February 1, 2026, an immigration judge ordered Petitioner's removal. *Id.* Petitioner did not appeal the immigration judge's decision, so his removal order became final on

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

March 3, 2026. *See* 8 C.F.R. § 1241.1; 8 C.F.R. § 1003.38(b). Immigration authorities detained Petitioner when he reported for a check-in on May 11, 2026, and he has been detained since. *Nishant N.*, 2026 WL 1541826, at *1.

On May 18, 2026, the court received Petitioner's first petition, in which he argued that he was unlawfully detained without a bond hearing. *Id.* The court denied that petition on June 1, 2026, concluding that Petitioner was subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A), and therefore not entitled to a bond hearing. *Id.*

Approximately three weeks later, Petitioner signed the petition currently before the court. Dkt. No. 1. In this petition, Petitioner argues that his rights under the Due Process Clause of the Fifth Amendment have been violated because he has been detained for more than two months without a bond hearing. *Id.* at pg. 2.

The Immigration and Nationality Act authorizes, and sometimes requires, a noncitizen's detention. For example, 8 U.S.C. § 1231(a) authorizes detention of a noncitizen who is subject to an administratively final order of removal. *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). Detention is mandatory during a ninety-day "removal period." 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *Zadvydas*, 533 U.S. at 683.

After the removal period ends, 8 U.S.C. § 1231(a)(6) authorizes an additional period of detention in certain circumstances—that is, the "post-removal-period." *Zadvydas*, 533 U.S. at 683; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021). One

such circumstance is if the noncitizen is inadmissible under 8 U.S.C. § 1182. 8 U.S.C. § 1231(a)(6); *Guzman Chavez*, 594 U.S. at 528–29. Such detention, however, cannot be indefinite. The Supreme Court has explained that 8 U.S.C. § 1231(a)(6), "read in light of the Constitution's demands, limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.

Detention under 8 U.S.C. § 1231(a)—that is, detention during both the removal period and post-removal-period timeframe—is presumptively reasonable for a period of six months. *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must rebut that showing with evidence. *Id.* The Supreme Court has made clear that although indefinite detention is not permitted, a noncitizen can be detained pursuant to 8 U.S.C. § 1231(a)(6) so long as there is a significant likelihood of removal in the reasonably foreseeable future. *Id.* Absent that, courts must "hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700.

Here, Petitioner's removal period began on March 3, 2026, when his removal order became administratively final. *Nishant N.*, 2026 WL 1541826, at *2. The ninety-day removal period therefore ended on June 1, 2026. *Id.* Petitioner is also subject to post-removal-period detention pursuant to 8 U.S.C. § 1231(a)(6), however, because he was found to be removable under 8 U.S.C. § 1182. *See also Pedro C.V. v. Chestnut*, No.

1:26-cv-02326-DC-EFB (HC), 2026 WL 1948280, at *4 (E.D. Cal. July 6, 2026) ("Section 1231(a)(6) provides that persons who are inadmissible under § 1182 may be detained at the discretion of immigration authorities beyond the 90-day period prescribed for removal."). The presumptively reasonable, six-month period of detention does not end until end until September 3, 2026, and Petitioner has not otherwise shown that he has been detained beyond "a period reasonably necessary to bring about [his] removal from the United States." *Zadvydas*, 533 U.S. at 689. Indeed, the government has secured a travel document to effectuate Petitioner's removal, and Respondents state that they expect to include Petitioner on the next removal flight to his country of origin. *See* Dkt. No. 12, at pg. 3; Dkt. No. 12-1, at pg. 1.

The Court therefore DENIES the petition without prejudice. Considering the foregoing, any outstanding motions are DENIED without prejudice. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

DATED: July 17, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge